

11 CIV 0513

**William C. Rand, Esq.** (WR-7685)
LAW OFFICE OF WILLIAM COUDERT RAND
228 East 45th Street, 17th Floor
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(646) 688-3078
Co-counsel
**Jeffrey M. Gottlieb, Esq.** (JG-7905)
Dana L. Gottlieb, Esq. (DG-6151)
GOTTLIEB & ASSOCIATES
150 East 18th Street, Suite PHR
New York, New York 10003
Tel: (212) 228-9795
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RAMON PEREZ, Individually and on Behalf      :     ECF
of All Other Persons Similarly Situated,                      :
                                                                                        :     11 Civ. ____
                                        Plaintiffs,                          :
                                                                                        :     **COMPLAINT AND**
       -against-                                                             :     **JURY DEMAND**
                                                                                        :
ROSEN FOOD CORP.,                                                :
JAVIER FUENTES doing business as Rosen Food Corp. :
and/or Fine Fair Supermarket,                                   :
JOSE ROSARIO,                                                         :
 and JOHN DOES #1-10,                                          :
                                                                                        :
                                        Defendants.                     :
------------------------------------------------------------------------X

Plaintiff RAMON PEREZ ("Plaintiff"), on behalf of himself individually and as class representative of other employees similarly situated, by and through his attorneys, complains and alleges for his complaint against ROSEN FOOD CORP., JAVIER FUENTES doing business as Rosen Food Corp. and/or Fine Fair Supermarket, JOSE ROSARIO, and JOHN DOES #1-10 (together "Defendant") as follows:

## NATURE OF THE ACTION

1.Plaintiff RAMON PEREZ alleges on behalf of himself and other similarly situated current and former employees of the Defendant who worked as clerks who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to minimum wage for hours worked for which they were not paid minimum wage, (ii) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.Plaintiff further complains on behalf of himself, and a class of other similarly situated current and former employees of the Defendant who worked as clerk employees who were employed in the State of New York, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendant for hours worked for which they were not paid, for spread of hours pay, and for overtime work performed for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

3.This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.Venue is proper in this district pursuant to 28 U.S.C. §1391.

5.This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## THE PARTIES

6. Plaintiff RAMON PEREZ, was, at all relevant times, an adult individual, residing in New York County, New York.

7. Upon information and belief, Defendant ROSEN FOOD CORP. ("Corporate Defendant") operated a business in New York County, and is a New York corporation, with its principal place of business at 1891 3rd Ave., N.Y., N.Y. 10029.

8. Upon information and belief, Defendants JAVIER FUENTES doing business as Rosen Food Corp. and/or Fine Fair Supermarket, and JOSE ROSARIO ("Individual Defendants") are each an owner, officer, director and/or managing agent of the Corporate Defendant, who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are each an "employer" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law and is jointly and severally liable with the Corporate Defendant.

9. The residence of Defendants JAVIER FUENTES and JOSE ROSARIO are currently not known but they work at 1891 3rd Ave., New York, N.Y. 10029.

10. Defendant JAVIER FUENTES does and has been doing business as Rosen Food Corp. and/or Fine Fair Supermarket.

11. Defendant JOSE ROSARIO does and has been doing business as Rosen Food Corp. and/or Fine Fair Supermarket.

12. Upon information and belief, John Does #1-10 do or did business as Rosen Food Corp. and/or Fine Fair Supermarket and/or represent the officers, directors and/or managing agents of the Corporate Defendant, whose identities are unknown at this time and

who participated in the day-to-day operations of the Corporate Defendant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the Corporate Defendant.

## COLLECTIVE ACTION ALLEGATIONS

13. Pursuant to 29 U.S.C. §207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as clerk employees at any time since January 25, 2005 to the entry of judgment in this case (the "Collective Action Period") (statute of limitations tolled for failure to post notice), who were non-exempt employees within the meaning of the FLSA and who were not paid minimum wage and/or who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

14. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are at least 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

15. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in

conflict with the members of this collective action.

16. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

17. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

18. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

   a. whether the Defendant employed the Collective Action members within the meaning of the FLSA;

   b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the Collective Action Members;

   c. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

   d. whether Defendant failed to post notice that its employees were entitled to minimum wages and overtime.

   e. whether Defendant failed to pay the Collective Action Members minimum wages for hours worked and/or overtime compensation for hours worked in

    excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

  f. whether Defendant's violations of the FLSA are willful as that term is used within the context of the FLSA;

  g. whether Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

  h. whether Defendant should be enjoined from such violations of the FLSA in the future.

19. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

20. Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

21. Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendant in the State of New York as clerk employees at any time since January 25, 2005, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid minimum wages, spread of hours wages, wages, and/or overtime wages in violation of the New York Labor Law (the "Class").

22. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the

facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there at least 40 members of Class during the Class Period.

23. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

24. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

25. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

26. Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

27. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

   a. whether the Defendant employed the members of the Class within the meaning of the New York Labor Law;
   b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Class;

    c.  what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    d.  whether Defendant failed to post notice that its employees were entitled to minimum wages and overtime.

    e.  whether Defendant failed and/or refused to pay the members of the Class wages (including minimum wages) for hours worked, spread of hours wages, and premium pay for hours worked in excess of forty hours per workweek within the meaning of the New York Labor Law;

    f.  whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, punitive, liquidated interest, costs and disbursements and attorneys' fees; and

    g.  whether the Defendant should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF FACTS

28.    Plaintiff RAMON PEREZ was a clerk employed by Javier Fuentes, Jose Rosario and Rosen Food Corp., all doing business as Rosen Food Corp. and/or Fine Fair Supermarket (together "Defendant").

29.    Plaintiff worked at the Fine Fair Supermarket located at 1891 Third Avenue, New York, N.Y. and the Fine Fair Supermarket located at 42 Ave. C , New York, N.Y. (together the "Supermarkets").

30.    Defendant Jose Rosario was the manager of the Fine Fair Supermarket located at 1891 Third Avenue, New York, N.Y. and supervised Plaintiff.

31. Plaintiff worked for Defendant from on or about the end of May 2010 until January 1, 2011 when he was terminated (the "time period").

32. Upon information and belief, during the time period, Javier Fuentes was the owner of Rosen Food Corp. and the Supermarkets and managed the Supermarkets.

33. Plaintiff worked as a clerk for Defendant.

34. Plaintiff's job responsibilities included, among others, inspecting and unloading groceries delivered by truck to the grocery store, stocking shelves, taking out the garbage.

35. During the time period, Plaintiff generally worked 6 days a week with Sunday off.

36. Plaintiff worked for three days from 9:00 p.m. to 6:00 a.m. and three days from 10:00 p.m. to 6:00 a.m.

37. Plaintiff generally worked 51 hours per week and sometimes worked more hours when requested.

38. Plaintiff was not given any meal breaks.

39. Plaintiff was paid each Sunday morning after his shift ended by cash which was delivered to him in an envelope by Joance.

40. The envelopes had the amounts of cash inside written down on the outside of the envelope and showed deductions from Plaintiff's pay for monies advanced to Plaintiff to purchase food from the store during the prior week.

41. Plaintiff was paid $7.85 per hour for his hours worked for which he was given credit.

42. Often Defendant refused to pay Plaintiff for all his hours worked and paid him for less than his hours worked.

43. During the time period, Defendant did not pay Plaintiff time and one half for any of his hours worked over forty hours in a week.

44. No notice was posted indicating that any of Defendant's employees were entitled to be paid minimum wage and time and one half for overtime.

45. During the two year period prior to the filing of this complaint, Plaintiff worked for Defendant with at least 40 other similar clerk employees who had the duties similar to Plaintiff.

46. Plaintiff's duties and the duties of the other clerks did not include managerial responsibilities or the exercise of independent business judgment.

47. During the time period, Plaintiff generally worked 51 hours per week and sometimes worked over 55 hours in a week.

48. Defendant did not pay him time and one half for all of Plaintiff's hours worked over 40 in a week ("overtime").

49. Plaintiff did not sign in or sign out of his job and neither did any of the other similar clerks until the end of December 2010, when Defendant installed a hand scanner to keep track of the clerk employees' hours.

50. In addition to Plaintiff, during the two year period prior to the filing of this complaint, Defendant employed clerks who performed the same or similar work as Plaintiff.

51. Upon information and belief, Defendant hired at least 40 of such similar employees.

52. Plaintiff and the other similar clerk employees regularly worked more than 40 hours per week for Defendant.

53. Plaintiff and these other similar clerk employees worked more than 40 hours per

week and were not paid minimum wage for all hours worked and were not paid time and one half for all our overtime hours.

54. During June 2010, Plaintiff complained to the store manager, Jose Rosario, that he was not being paid time and one half for all his hours worked over 40 in a week but was being paid time and one half only for some hours worked over 52 in a week.

55. Defendant acknowledged that Defendant owed the overtime and said not to worry about it because Defendant would be paying him this money.

56. Plaintiff was never paid the overtime he was owed and accordingly, during September 2010, Plaintiff complained next to the Johance, who worked with Plaintiff on the night shift and was related to the store manager by marriage.

57. Johance said do not worry, you will be paid.

58. Plaintiff still was never paid and accordingly, during December 2010, Plaintiff again complained to both Jose Rosario and Johance.

59. They then again told Plaintiff not to worry because they were calculating his overtime hours and that he would be paid soon.

60. Instead of paying Plaintiff his rightful overtime, Defendant instead retaliated against Plaintiff for complaining about not receiving overtime pay by terminating Plaintiff on January 1, 2010.

61. Plaintiff learned that he had been fired from Manny who called Plaintiff on January 1, 2010 to tell Plaintiff that Jose Rosario had instructed him to tell Plaintiff that Plaintiff was terminated.

62. Plaintiff immediately called Jose Rosario who confirmed that he had fired Plaintiff.

11

63. Plaintiff asked Jose Rosario why Plaintiff was being fired and Jose Rosario gave no reason.

64. Throughout the time period that Plaintiff worked at Defendants, and, upon information and belief, both before that time and continuing until the present, Defendants have likewise employed other individuals, like Plaintiff, in positions as clerks.

65. Such individuals have worked in excess of 40 hours per week, yet the Defendants have likewise willfully failed to pay them minimum wages, spread of hours wages and overtime compensation of one and one-half times their regular hourly rate for all their overtime hours worked.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

66. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

67. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

69. Upon information and belief, at all relevant times, Defendant has had gross revenues in excess of $500,000.

70. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b). The named Plaintiff's written consent is attached hereto and incorporated by reference.

71. At all relevant times, the Defendant had a policy and practice of refusing to pay for all hours worked and for overtime compensation to its clerk employees for their hours worked in excess of forty hours per workweek.

72. As a result of the Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73. As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action members, the Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

74. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

75. Due to the Defendant's FLSA violations, Plaintiff and the Collective Action Class are entitled to recover from the Defendant, their unpaid minimum wages and overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## <u>NEW YORK LABOR LAW</u>

76. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

77. At all relevant times, Plaintiff and the members of the Class were employed by the Defendant within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendant willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them for all hours worked, failing to pay spread of hours pay, and failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the New York Labor Law and its regulations.

79. The Defendant's New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

80. Due to the Defendant's New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendant their unpaid wages including unpaid overtime compensation and spread of hours pay, statutory and/or liquidated and/or punitive damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## THIRD CLAIM FOR RELIEF
## (New York Labor Law - Discrimination and Retaliation)

81. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

82. By terminating Plaintiff, Defendant violated New York Labor Law § 215.

83. New York Labor Law § 215 states:

14

> § 215. Penalties and civil action; employer who penalizes employees because of complaints of employer violations
>
> 1. No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer, or to the commissioner or his authorized representative, that the employer has violated any provision of this chapter, or because such employee has caused to be instituted a proceeding under or related to this chapter, or because such employee has testified or is about to testify in an investigation or proceeding under this chapter. If after investigation the commissioner finds that an employer has violated any provision of this section, the commissioner may, by an order which shall describe particularly the nature of the violation, assess the employer a civil penalty of not less than two hundred nor more than two thousand dollars. Notwithstanding the provisions of section two hundred thirteen of this chapter, the penalties set forth in this section shall be the exclusive remedies available for violations of this section.
>
> 2. An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the provisions of this section. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, and to order all appropriate relief, including rehiring or reinstatement of the employee to his former position with restoration of seniority, payment of lost compensation, damages, and reasonable attorneys' fees. At or before the commencement of any action under this section, notice thereof shall be served upon the attorney general by the employee.

84. Prior to the commencement of this claim, on January 25, 2011, Plaintiff served a copy of this Complaint upon the Attorney General of New York State.

85. Due to Defendants' illegal termination of Plaintiff, Plaintiff seeks and is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, back pay, front pay, rehiring and/or reinstatement to his former position, punitive damages and reasonable attorneys' fees, costs and disbursements of the action, and liquidated damages, pursuant to New York Labor Law § 663(1).

## **PRAYER FOR RELIEF**

Plaintiff's illegal termination;

h.  An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay minimum wages, spread of hours wages and overtime compensation pursuant to 29 U.S.C. § 216 and the New York Labor Law;

i.  An award of prejudgment and postjudgment interest;

j.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
January 25, 2011

LAW OFFICE OF WILLIAM COUDERT RAND

By: _____
William Coudert Rand (WR 7685)

228 East 45th Street, 17th Floor
New York, New York 10017
Telephone: (212) 286-1425
Facsimile: (646) 688-1425

Jeffrey M. Gottlieb, Esq. (JG 7905)
Dana L. Gottlieb, Esq. (DG-6151)
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795
ATTORNEYS FOR PLAINTIFFS

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Javier Fuentes, Jose Rosario, Rose, Food Corp. to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_Ramon Perez_  1/4/11  Ramon Perez
Signature                Date     Print Name